(C.D. 2673)

V. Rev. Kilian McGowan, C. P., Rector v. United States

## United States Customs Court, Third Division

(Decided May 5, 1966)

*Fowler, White, Gillen, Humkey & Trenam* (*Brendan P. O'Sullivan* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Samuel D. Spector* and *Charles P. Deem*, trial attorneys), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: The articles at bar are windows which, in all essential respects, are similar to the windows that were the subject of litigation in *Mission of San Gabriel et al.* v. *United States*, 44 Cust. Ct. 157, C.D. 2171, and there were held to be stained glass windows entitled to free entry under paragraph 1810. The Government did not take an appeal from that decision.

Plaintiff argues that we should decide the instant litigation as we did in the *San Gabriel* case. Defendant argues, however, that the present record has been more fully developed than was the record there and that our decision here, on the record now before us, should not follow the *San Gabriel* decision.

The windows at bar are made of glass that was stained in manufacture by the process usual in the production of stained glass. The stained glass pieces in these windows are approximately an inch thick. Such pieces, carefully selected to conform to the artist's rendering of the window design, are chipped, or faceted, in order to enhance the light effect that is produced in the windows by the stained glass pieces. The binder which holds together the glass pieces, to form the artist's design, is a composition called epoxy. This has somewhat the physical appearance of cement, but it is more durable. The epoxy is arranged in such a way as to contribute to, or form a part of, the artistic design of each window.

The collector classified the windows at bar under paragraph 218(f) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802). Plaintiff claims that classification properly should be under paragraph 1810. The respective tariff provisions are as follows:

Paragraph 218(f), as modified by T.D. 51802:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for

fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner * * *:

| | |
|---|---|
| * * * * * * * | |
| Other_____ | 50¢ on each article or utensil, but not less than 30% nor more than 50% ad val. |

Paragraph 1810:

Works of art, productions of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution or to any State or municipal corporation or incorporated religious society, college, or other public institution, including stained or painted window glass or stained or painted glass windows which are works of art when imported to be used in houses of worship, value at $15 or more per square foot, and excluding any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation; but such exemptions shall be subject to such regulations as the Secretary of the Treasury may prescribe_____ Free

Either by stipulation or by uncontradicted testimony it has been shown, and defendant concedes, that several of the specifications essential to classification under paragraph 1810 have been met in respect of the windows at bar. These windows are works of art. They were imported to be used in the main chapel of the Monastery of Our Lady of Florida, in North Palm Beach, a house of worship, and they have been installed therein. They are of a value in excess of $15 per square foot. They are not within the terms of the exclusionary language of paragraph 1810, that is to say, they are not articles "in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation." There has been compliance by the importer with the applicable regulations of the Secretary of the Treasury.

Inasmuch as the foregoing facts are conceded, and since the glass of these windows was stained during the process of glass manufacture, we are disposed to regard our decision in *San Gabriel*, *supra*, as a controlling precedent unless the proofs before us here, and the arguments that have been adduced, present new or different facts on which our decision should be distinguished.

What defendant argues is that, although the component glass was

made by the process of staining in the usual manufacture of stained glass, these are not the stained glass windows of paragraph 1810 because they are a new form of art developed since 1930. The argument runs that the common meaning of a stained glass window in 1930 was a window made of stained glass pieces that were not more than $\frac{3}{8}$ inch, or at most $\frac{1}{2}$ inch, in thickness; that such stained glass pieces were flat, and they were not chipped, or faceted, to enhance light, design, or color; that in 1930 color was usually (although not always) enhanced in another way, that is, by painting; that in 1930 stained glass windows utilized lead cames as binder, and that such cames usually had no relation to the artistic design of the window; and that in 1930 epoxy, or cement, was not used as the binder of stained glass windows. From these premises, defendant argues that the *eo nomine* provision of *stained glass windows*, both in paragraph 1810 (free entry) and in paragraph 230 (dutiable), is an enumeration that is limited to windows constructed of flat stained glass pieces, which have the thickness and are bound by the binder that was traditional in 1930 for windows of stained glass.

We do not agree. There are two well established principles of tariff law we find to be applicable here. First, there is no doubt, as defendant argues, that the common meaning of an article for tariff classification under the Tariff Act of 1930 is the common meaning of that article in 1930. *Davies, Turner & Company* v. *United States*, 39 CCPA 76, C.A.D. 466. Second, except where the tariff enumeration by limiting language indicates that Congress intended otherwise, the enumeration will embrace not only the 1930 form of the article, but also new forms developed since 1930; and this is so because tariff laws speak for the future as well as for the present. *Davies, Turner & Co.* v. *United States*, 45 CCPA 39, C.A.D. 669.

We do not repeat here the rationale of our decision in *San Gabriel*, *supra*, as recited in our opinion in that case. We refer to that opinion, which states our opinion here as to these windows. We do, however, refer to a few decisions, relevant to the issue before us, that were not discussed in *San Gabriel*.

Somewhat later than *San Gabriel*, we were called upon to decide whether synthetic diamond dust, an article not traded in the commerce of the United States in 1930, was embraced within the tariff enumeration for diamond dust. In 1930, diamond dust, sold in the trade and commerce of the United States, was natural diamond dust. There are differences between natural and synthetic diamond dust, including the size and shape of particles, adaptability to differing uses, etc. We held that synthetic diamond dust is within the 1930 tariff enumeration of diamond dust. *Christensen Diamond Products Co.* v. *United States*, 54 Cust. Ct. 221, C.D. 2537.

Notwithstanding the fact that in 1930 mosaics were the work of artisans, and not classifiable for tariff purposes as works of art, we held that a mosaic which was created by Pablo Picasso was, on the record before us, a work of art and dutiable as such. *Margaret Silberman* v. *United States*, 44 Cust. Ct. 197, C.D. 2175.

The tariff enumeration of stained glass windows in paragraph 230 has no limiting language. The tariff enumeration of stained glass windows in paragraph 1810 is limited only by conditions which the windows at bar fully meet, as recited, *supra*. There is nothing in either paragraph to suggest that Congress intended to impose an unexpressed limitation to that form of the art which prevailed in 1930, so as to relegate windows made of stained glass to classification under the enumeration for "Table and kitchen articles and utensils, and all articles of every description *not specially provided for*, composed wholly or in chief value of glass * * *." (Paragraph 218(f) ; emphasis added.)

We have reviewed the authorities cited in the briefs before us. Most of these cases were studied at the time we decided *San Gabriel*. There are no facts before us here that persuade us that the precedents require us to find for defendant.

While not controlling our decision, it is a matter of public record that defendant's failure either to appeal from or, in similar cases, to follow our decision in *San Gabriel* has created situations so onerous to houses of worship as to result in several private bills that have relieved importers of faceted stained glass windows from the burden of litigation. Such recourse to a legislative remedy inevitably results in an unequal tariff burden on like importers of such windows.

Stained glass windows are specially provided for, both in paragraph 230 and in paragraph 1810. These are such stained glass windows as meet the terms of the paragraph 1810 enumeration.

The protest is sustained. Judgment will be entered accordingly.