(C.D. 2728)

Castelazo & Associates et al. *v.* United States

United States Customs Court, Third Division

(Decided July 7, 1966)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

Before Donlon, Richardson, and Landis, Judges

Donlon, Judge: The issue before us in these consolidated protests is, in all essential respects, the issue that was litigated in two previously decided cases. *Mission of San Gabriel, W. J. Byrnes & Co.* v. *United States*, 44 Cust. Ct. 157, C.D. 2171; *V. Rev. Kilian McGowan, C.P., Rector* v. *United States*, 56 Cust. Ct. 450, C.D. 2673. In both of those cases we held that windows, similar in all material respects to the windows at bar, were stained glass windows entitled to duty free entry under paragraph 1810.

That is the same claim which plaintiff here makes as to nine windows that were imported from France for installation in St. Joachim's Church, Madera, Calif.

The windows of protest 63/10227 (A) were assessed at 30 percent ad valorem, under modified paragraph 218(f), as articles of colored glass. The windows of protest 63/17013 (B) were assessed at the same duty rate but under modified paragraph 230(a), as painted or stained glass windows.

The competing tariff provisions, in relevant part, are as follows:
Paragraph 1810, Tariff Act of 1930:

Works of art, productions of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution or to any

State or municipal corporation or incorporated religious society, college, or other public institution, including stained or painted window glass or stained or painted glass windows which are works of art when imported to be used in houses of worship, valued at $15 or more per square foot, and excluding any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

Paragraph 218(f), as modified, T.D. 51802:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner * * *.

Paragraph 230(a), as modified, T.D. 52739:

Stained or painted glass windows, and parts thereof, not specially provided for.

There is an alternative claim in protest 63/10227(A) for classification of those windows under paragraph 1774, which is also a free entry provision. Inasmuch as the paragraph 1774 claim was not prosecuted, it is dismissed for such failure.

It is defendant's position, as to protest 63/17013(B), that classification of the windows under paragraph 230(a) was an error of the collector. Defendant urges that we overrule plaintiff's claim to paragraph 1810 classification without affirming the paragraph 230(a) classification.

The issue, then, is precisely what it was in the *San Gabriel* and *McGowan* cases. Are these stained glass windows within the enumeration of paragraph 1810? Various of the conditions essential to paragraph 1810 enumeration are either conceded or are established in the record that is before us. The official papers are in evidence. They show that the nine windows of these protests all have a value of more than $15 per square foot. There is substantial and uncontradicted evidence that they are works of art produced in Paris by Max Ingrand, and that M. Ingrand is one of the foremost artists working in France with stained glass. The windows were imported to be installed, and they have been installed, in St. Joachim's Church, in Madera, Calif. The applicable regulations of the Secretary of the Treasury have all been complied with.

As is succinctly stated by defendant in its brief, the issue before us narrows down to the question whether the imported faceted glass panels are such stained or painted glass windows as paragraph 1810

contemplates, the other qualifications for free entry under paragraph 1810 having been met.

On trial before Judge Lawrence in Los Angeles, decision was reserved for this division on two motions. We shall dispose of these before taking up the issues raised by the pleadings and proofs.

Defendant moved to introduce into evidence a panel that is marked "Exhibit A for identification." Mr. Richard W. Jung, of Los Angeles, identified himself as the broker who, after consultations with the architect as to size and structure of the framework, and with the "client," procured designs from Max Ingrand and ordered the windows. On cross-examination defense counsel endeavored to elicit from Mr. Jung testimony that "exhibit A for identification" is representative of the panels at bar. Mr. Jung, however, testified that there were several differences and added (to defense counsel) "I can't say it resembles it, Mr. Deem." (R. 42.) Judge Lawrence said: "In my opinion, it (i.e., exhibit A for identification) is not admissible, but I will leave the matter open for the division having the case within its jurisdiction to decide. Personally, I don't think it's admissible." (R. 44, 45.)

Later on, during the course of trial in Los Angeles, defense counsel renewed his motion to introduce this panel into evidence as being representative of what defense witness, Mr. Horace T. Judson, "has been referring to." Judge Lawrence again reserved decision.

We agree with our learned senior colleague. Admission into evidence of the panel proffered by defendant and marked exhibit A for identification, is denied.

The other motion on which Judge Lawrence reserved decision was the motion of plaintiff to incorporate into this record the record in *Mission of San Gabriel, W. J. Byrnes & Co.* v. *United States* (C.D. 2171), *supra*. Defendant then objected to incorporation "on the grounds that the issues of law and the issues of fact are not the same in the two cases." (R. 70.) However, defendant in its brief states that it withdraws objection to such incorporation. (Defendant brief, p. 3.)

In our opinion the objection was not well taken, because the issues of law, to be decided here, include the issues that were before the court in *San Gabriel, supra*. On that ground the motion to incorporate is granted.

After trial and submission, defendant moved to set aside submission and to incorporate into the record here a certain portion of the record in *V. Rev. Kilian McGowan, supra*. Plaintiff objected to incorporation. Thereafter, defendant filed an amended motion seeking to have the submission set aside and the cases restored to trial in order to

permit defendant to adduce the testimony of Mr. John G. Lloyd and to afford plaintiff the opportunity to cross-examine the witness. This motion was granted. The testimony of Mr. Lloyd was adduced by defendant on trial in New York.

The record before us is somewhat longer than was the record either in *San Gabriel* or *McGowan*. There is testimony here concerning differences, between the so-called traditional stained glass windows and the faceted window panels of stained glass at bar, as to component materials, methods of production, skills that are required, the relative costs of material and of labor, the comparative weights per square foot, etc. Careful scrutiny of all this testimony does not, in our opinion, support defendant's contention that Congress did not intend to embrace, within the enumeration of paragraph 1810, the new form of stained glass window art which the panels at bar represent.

In *McGowan*, *supra*, we discussed somewhat fully our views on that issue. There is nothing in the record now before us, or in the arguments advanced in the briefs filed by counsel, that persuades us to the contrary. Without again detailing those views, and on the authority of *San Gabriel* and *McGowan*, *supra*, the protest claims to duty free classification under paragraph 1810 are sustained.

Judgment will be entered sustaining those claims and dismissing the claim in protest 63/10227(A) to paragraph 1774 classification.